# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| EDWARD VAN LANG, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>AL ST. LAWRENCE, )<br>)<br>Respondent. ) | Case No. CV406-119 |

## REPORT AND RECOMMENDATION

Petitioner has submitted a habeas corpus petition pursuant to 28 U.S.C. § 2254 which seeks to challenge a February 21, 2006 "conviction" in the Chatham County Superior Court. It is apparent from the face of the petition, however, that this "conviction" involves an adverse ruling in a civil forfeiture action brought by the state against a sum of money ($1,939.00) claimed by petitioner to have been unlawfully seized by state authorities. Because state civil forfeiture proceedings may not be challenged using habeas corpus pursuant to § 2254, this case should be **DISMISSED** without prejudice.

While petitioner refers to a judgment of "conviction" entered on February 21, 2006 and states that the "sentence" imposed was $1,939.00, elsewhere in his petition he acknowledges that the state court proceeding was in fact a civil forfeiture action brought pursuant to O.C.G.A. § 16-13-49 against his personal property in the Chatham County Superior Court.[1] Doc. 1 at 3; id. at 6 (where petitioner notes that he has been unable to secure court-appointed counsel to assist with his "pending forfeiture action" in the superior court). Petitioner states that he timely appealed the superior court's forfeiture "order" to the Georgia Court of Appeals on March 17, 2006, but was later informed that no case had been docketed in that court.[2] Id. at 6.

A § 2254 petition may not be used as a vehicle for challenging a civil forfeiture judgment or decree entered by a state court. "A writ of habeas

---

[1] Petitioner lists the superior court case number as "CV05-1352FR," which this Court recognizes to be a civil case proceeding. Furthermore, "[i]t is plain that a forfeiture proceeding under O.C.G.A. § 16-13-49 is intended to be a civil action." Murphy v. State, 267 Ga. 120, 121 (1996).

[2] Petitioner attaches a letter from a clerk of the Georgia Court of Appeals stating that no case has been docketed in that court "in your name." Petitioner may want to inquire whether an appeal is pending in the name of the in rem defendant — i.e., "1,939.00" (or perhaps "One Thousand Nine Hundred Thirty-Nine Dollars"), and he should certainly provide the court of appeals clerk with the superior court case number in any future correspondence.

corpus under 28 U.S.C. § 2254 is available for *persons* in custody pursuant to the judgment of a State court. Although petitioner argues that the imprisonment of his property violates his constitutional rights[,] § 2254 cannot be used to challenge the forfeiture of the funds seized." Bowen v. United States, 2005 WL 1676668, *2 (M.D. Ga. June 29, 2005); see Ozoroski v. Klem, 2004 WL 1446046, *16 n.16 (10th Cir. Jan. 24, 1997) ("the accuracy of the [state] forfeiture proceedings falls beyond this Court's province on habeas corpus review."); see also Dawkins v. United States, 883 F. Supp. 83, 85 (E.D. Va. 1995) ("Nowhere does [28 U.S.C. § 2255] authorize collateral attacks on civil administrative forfeitures in an effort to secure the release of forfeited property or its cash equivalent."). A federal district court may entertain a state prisoner's application for writ of habeas corpus "only on the ground that [the prisoner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). As petitioner is not endeavoring to challenge the state's custody of his "person" but is only attacking the forfeiture of his property, he cannot proceed under § 2254.

Nor may petitioner seek a reversal of the state court judgment by recasting his petition as a civil rights complaint under 42 U.S.C. § 1983. "The federal courts are not a forum for appealing state court decisions." Staley v. Ledbetter, 837 F.2d 1016, 1017 (11th Cir. 1988). Under the Rooker-Feldman doctrine,[3] "a federal district court may not review the final decisions of a state court of competent jurisdiction," Liedel v. Juvenile Court of Marion County, 891 F.2d 1542, 1545 (11th Cir. 1990), for exclusive jurisdiction over appeals from state court judgments is vested in the Supreme Court of the United States. Lance v. Daniels, 126 S. Ct. 1198, 1200 (2006). If plaintiff is dissatisfied with the result in the state court forfeiture action, he must exercise his right to *state* review. This he claims to have done, apparently without satisfaction. If he is unhappy with the state court judgment, his remedy lies not with this Court but with the Supreme Court. See Rolleston v. Eldridge, 848 F.2d 163, 165 (11th Cir. 1988) ("A section 1983 action is neither an alternative nor a complement to the appeal of a state trial court decision to a higher state court.").[4]

---

[3]District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

[4]Petitioner's effort to appeal the superior court's judgment to the Georgia Court of Appeals was apparently deficient in some manner. Petitioner may wish to renew his

The instant § 2254 petition is without foundation and should be DISMISSED.

**SO REPORTED AND RECOMMENDED** this 18Th day of May, 2006.

_____<br>
UNITED STATES MAGISTRATE JUDGE<br>
SOUTHERN DISTRICT OF GEORGIA

---

efforts to seek state appellate review of the trial court's ruling, for that is the proper recourse for a litigant dissatisfied with an adverse state court judgment.